UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CASEY W. SOBBERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV60 SNLJ |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Casey Sobberi (registration no.1096210), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $45.61. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will partially dismiss the complaint[1] and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

---

[1]The Court has also reviewed plaintiff's supplement to his complaint [Doc. #5] and will construe the allegations therein as part of plaintiff's original pleading. In addition, the Court has reviewed plaintiff's motion to produce [Doc. #7], plaintiff's motion for legal supplies [Doc. #9], plaintiff's motion for temporary restraining order [Doc. #10], and plaintiff's motion for preliminary injunction [Doc. #11]. Each motion will be addressed herein.

month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $90.90, and an average monthly balance of $228.09. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $45.61, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the

Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff, an inmate at SECC, brings this action for monetary and injunctive relief pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Ian Wallace (Warden, SECC); Paula Reed (Assistant Warden, SECC) and; Matthew Howard (Correctional Officer, SECC). Defendants are being sued in their official and individual capacities.

Plaintiff alleges that on May 22, 2015, his cellmate alerted defendant Howard that he wanted to be removed from his cell or else he would beat up plaintiff. Plaintiff states that defendant Howard, with full knowledge of the cellmate's past history of violence towards others, told the cellmate to go ahead and beat up plaintiff and then walked away. Plaintiff asserts that his cellmate then hit him, whereupon he fell forward and hit his back forcefully against the cell doors. Plaintiff alleges that defendant Howard acted with deliberate indifference toward plaintiff's safety by failing to protect him in violation of the Eighth Amendment.[2]

---

[2] Plaintiff states that even though his cellmate immediately admitted to defendant Howard that he hit plaintiff and that plaintiff had not fought back, plaintiff was given a conduct violation for fighting.

Plaintiff then makes the conclusory allegation that defendant Wallace and defendant Reed have "instituted a policy that inmates can't declare protective custody out of a cell unless a threat has been made or an assault/injury would occur if someone is left in their cell." Plaintiff claims that an inmate is forced to fight or threaten to fight your cellmate in order to be removed from one's cell. Plaintiff believes that this policy is in violation of his 8th Amendment rights.

Plaintiff requests monetary damages in his complaint.

**Discussion of the Allegations within the Complaint**

The Eighth Amendment requires officials to "provide humane conditions of confinement" by taking reasonable steps to protect inmates convicted of crimes from assault by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). And a single incident of violence may, in some circumstances, support a failure-to-protect claim. *See Young v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007) (discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked).

Plaintiff has alleged that defendant Howard knew of plaintiff's cellmate's propensity for violence, had knowledge of the cellmate's threats against plaintiff for violence and still failed to remove plaintiff or his cellmate from his cell. Such allegations are enough to state a failure to protect claim against defendant Howard, in his individual capacity. Plaintiff has not, however,

stated a claim against defendant Howard, in his official capacity, accordingly, this claim will be dismissed.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

Plaintiff's claims against defendant Reed and defendant Wallace are also subject to dismissal as his claims that defendant Howard was acting as a result of a prison policy instituted by defendants Reed and Wallace are unsupported and conclusory. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).

**Motions for Appointment of Counsel**

There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court believes that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Plaintiff has articulated his claims in a concise and direct manner, and he has presented a non-frivolous claim

for relief at this time. As such, the Court will deny plaintiff's motions for appointment of counsel.

## Motions for Injunctive Relief

Plaintiff has filed two motions for injunctive relief, seeking in list form, an order from this Court prohibiting defendants from: (1) retaliating; (2) harassing; (3) restricting plaintiff's mail; (4) impeding his access to courts; (5) taking away his recreation; (6) engaging in excess cell searches; (7) refusing him medical, dental, or mental health appointments; (8) engaging in excessive force; (9) putting plaintiff in administrative or disciplinary segregation; (10) denying plaintiff visitation; and (11) from delaying him from getting his certified account statement.

Plaintiff's case is concerning one claim of failure to protect in violation of the Eighth Amendment against defendant Matthew Howard. "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In this case, there is no relationship between the injury claimed in the motions for injunctive relief and the conduct asserted in the complaint. Consequently, the motions for injunctive relief will be denied without prejudice.

## Motion for Production of Documents and for Legal Supplies

Plaintiff seeks an order from this Court mandating production of his prison account statement from Southeast Correctional Center. As this document has already been provided to the Court, his motion will be denied.

Plaintiff also seeks an order from this Court mandating the prison to allow him to retain all of his legal documents in his cell at the prison. The Court cannot involve itself in security

matters at the prison. As such, the Court must deny plaintiff's request at this time. However, if plaintiff's access to courts is impeded in such a way that his case is affected, he can assert his rights under the First Amendment. See *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff should be mindful that in order to state an access to courts claim he must show that he has suffered an actual injury to pending or contemplated legal claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $45.61 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint. Defendant Matthew Howard, in his individual capacity, shall be served in accordance with the Court's agreement with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Matthew Howard shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Ian Wallace and Paula Reed because, as to these

defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file his account statement [Doc. #8] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order and motion for preliminary injunction [Doc. #10 and #11] are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff's motion for production of documents [Doc. #7] is **DENIED AT THIS TIME**.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Doc. #3 and #6] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to require defendants to allow him to retain his legal supplies [Doc. #9] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5 Prisoner Standard.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of September, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE