UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CASEY W. SOBBERI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16CV60 SNLJ |
| | ) |
| MATTHEW HOWARD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

This matter is before the Court on plaintiff's motion to appoint counsel (#26).

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1080-81 (8th Cir. 1995); *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is not necessary at this time. Although the plaintiff states that he is overwhelmed by the prospect of litigating his

case, he continues to be able to litigate this matter, and nothing has occurred to indicate any need to appoint counsel at this point in time. This action still appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim. To the extent plaintiff needs reasonable extensions of deadlines in order to litigate his case --- particularly in light of his confinement in "lock up" --- plaintiff should file motions with this Court explaining how much time he needs and why. This Court routinely grants such extensions under these circumstances.

The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will reconsider.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (#26) is **DENIED** without prejudice at this time.

Dated this 30th day of May, 2017.

_____
UNITED STATES DISTRICT JUDGE