UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| CASEY SOBBERI, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16CV60 SNLJ |
| | ) | |
| MATTHEW HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM and ORDER**

On December 26, 2017, this Court ordered plaintiff to show cause why his case should not be dismissed for failure to serve his mandatory disclosures to defendant's counsel under Federal Rule of Civil Procedure 26. Plaintiff has responded that he believed the "interrogatories and documents" he served on defendant satisfied this requirement. He reiterates that he has no understanding of how to proceed with his lawsuit and asks for leniency. He also asks for an explanation of what he has to provide to defendant to satisfy Rule 26.

For plaintiff's information, the Court will provide plaintiff with Rule 26(a)'s language below.

**Rule 26. Duty to Disclose; General Provisions Governing Discovery**

(a) Required Disclosures.

(1) *Initial Disclosure.*

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Plaintiff shall provide defendant with his Rule 26 disclosures, in accordance with the Rule's language quoted above, no later than February 2, 2018.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall serve defendant with plaintiff's Rule 26 disclosures no later than February 2, 2018

Dated this  9th  day of January, 2018.

UNITED STATES DISTRICT JUDGE