# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **CASEY SOBBERI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:16CV60 SNLJ** |
| | ) | |
| **MATTHEW HOWARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

This matter is before the Court on plaintiff's motions to appoint counsel (#53, #60).

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court.   Although plaintiff insists that it is unfair that he is without an attorney while the defendant is represented by the Office of the Missouri Attorney General, indigent civil litigants do not have a constitutional or statutory right to appointed counsel.   *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992).   The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim.   *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1080-81 (8th Cir. 1995); *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel remains unnecessary at this time. Plaintiff appears to be able to litigate this matter, and nothing has occurred to indicate any need to appoint counsel at this point in time. This action still appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim.

The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will reconsider.

Plaintiff also sent a letter to the Court advising that he is in Administrative Segregation and has not yet received access to his legal materials. Plaintiff wants the Court to order the Department of Corrections to bring him all of his legal materials. The Court reminds plaintiff that any "request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). Regardless, the Court advises plaintiff that, should he need additional time in order to prosecute his case effectively, plaintiff may request extra time by motion and the Court will be lenient with such motions for good cause.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for appointment of counsel (#53, #60) are **DENIED** without prejudice at this time.

Dated this ___17th___ day of August, 2018.

 

 

_____
UNITED STATES DISTRICT JUDGE