# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CASEY SOBBERI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16CV60 SNLJ |
| | ) |
| MATTHEW HOWARD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

This matter is before the Court on defendants' motion for summary judgment (#76).

## I. Factual Background

Plaintiff is incarcerated within the Missouri Department of Corrections. He claims that defendant Matthew Howard, a sergeant at Southeast Correctional Center, violated his constitutional rights by failing to protect him from an attack by plaintiff's cellmate. On May 22, 2015, plaintiff alleges that his cellmate, Leslie Graham, told the defendant that he wanted out of the cell—that is, he wanted to be transferred to a different cell or put in protective custody—or he would beat up his cellmate, the plaintiff. Plaintiff claims defendant said "I don't care, do it" and walked away. Plaintiff alleges that as he tried to walk up to the door to complain and try to be moved, Graham punched him in the chest, causing him to hit the cell door with his back and fall to the floor. Defendant returned to the cell upon hearing the commotion. Graham told defendant that

1

he had gotten into a fight with plaintiff, so defendant separated plaintiff and Graham. Plaintiff alleges that his back was injured as a result of this altercation. However, plaintiff also testified that he has been on medication for his back pain since 2002, when he injured his back after jumping out of a second-story window.

Defendants contend that the fight was staged by plaintiff and his cellmate, Graham. At his deposition, Graham testified that he told plaintiff he wanted out of the cell so that Graham could fight another inmate, but the two of them could not come up with a plan to get Graham moved to a different cell. Graham testified that he told plaintiff "we're going to have to fight." Graham said that plaintiff "really didn't want to," but "if that's the only way you're going to get out of the cell, then that's what we've got to do." Graham thinks he hit him in the chest area, causing plaintiff to fall. Graham stated that he "held back," though, and "didn't hit him hard." In any event, that was the extent of the "fight."

Plaintiff denies that the fight was staged. Plaintiff agrees that Graham wanted to leave the cell so that he could fight another inmate. Plaintiff says that Graham wrote an affidavit for plaintiff and that the deposition presents a different story. Plaintiff did not submit that affidavit to the Court, however.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467

(1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

**III.    Discussion**

To prevail on an Eighth Amendment claim for failure to protect, an inmate must prove that he faced a substantial risk of serious harm that the defendant knew about and deliberately ignored. *See Farmer v. Brennan*, 511 U.S. 825, 833-38 (1994).

Plaintiff has not shown that defendant Howard knew of a substantial risk of serious harm to plaintiff. Plaintiff suggests that he has an affidavit from defendant Graham that refutes the deposition testimony Graham gave, but plaintiff has not

submitted the affidavit.[1]  Plaintiff does not present evidence that Howard knew Graham planned to strike plaintiff, but, even if Howard did know, it is clear there was never a substantial risk of harm to plaintiff because Graham testified that he did not strike plaintiff hard or leave any mark.  There is no evidence that plaintiff was injured as part of the altercation.  "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis.*"  *Thomas v. Dorris*, 1:09-CV-00085-SNLJ, 2011 WL 3607045, at *4 (E.D. Mo. Aug. 12, 2011).  Plaintiff states that he suffered a back injury, but the evidence shows that plaintiff already suffered from back pain before the incident.  Without proof of injury, plaintiff's claim must fail.  *See id*. (granting summary judgment to defendant on an excessive force claim where plaintiff's complained-of injuries were pre-existing, and plaintiff provided no support for how injuries were caused by the incident).

Summary judgment will be granted to defendant.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment (#76) is GRANTED.

Dated this   30th   day of September, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges that plaintiff has stated that prison officials threw away his paper files related to this case, including many pages of discovery provided to him by defendant. To the extent the affidavit was disposed of with other discovery that plaintiff lost, a copy of that affidavit should have been provided to defense counsel as part of discovery and could have been obtained from defendant.

4